**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Nancy N. Hendrix, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 5:12-cv-01353-JMC |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 30], regarding Plaintiff Nancy N. Hendrix's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). Plaintiff filed the instant action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g). The Magistrate Judge concluded that the findings of the Administrative Law Judge ("ALJ") were supported by substantial evidence and that the ALJ applied the proper legal standards. As a result, the Magistrate Judge recommends that the court affirm the Commissioner's final decision.

Plaintiff timely filed Objections to the Magistrate Judge's Report ("Objections") on May 5, 2013 [Dkt. No. 32], to which the Commissioner filed a Reply [Dkt. No. 34]. For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and **AFFIRMS** the Commissioner's final decision.

**PROCEDURAL BACKGROUND**

The court concludes, upon its own careful review of the record, that the factual summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the procedural background in this case is warranted.

Plaintiff applied for DIB on December 27, 2005, alleging that she has been disabled and unable to work since May 23, 2005, due to limitations caused by pain in her lower back, right shoulder, and left ankle. An ALJ conducted a hearing on November 25, 2008, denying Plaintiff's application for DIB on March 2, 2009. Plaintiff appealed the ALJ's decision to the Appeals Council, which vacated the initial decision and remanded the case to a new ALJ. Following a new hearing, the ALJ issued a decision that partially granted Plaintiff's DIB application on October 29, 2010. The ALJ found that Plaintiff was not disabled prior to June 27, 2009, but had become disabled on that date, when she turned fifty years old, because her age category for purposes of the disability analysis had changed. More specifically, the ALJ found that prior to June 27, 2009, Plaintiff had the residual functional capacity ("RFC") to perform jobs that existed in significant numbers in the national economy. Plaintiff requested review of the new decision by the Appeals Council, which this time denied the appeal on May 11, 2012, rendering the ALJ's decision as the Commissioner's final decision. On May 22, 2012, Plaintiff commenced this action seeking a review of the Commissioner's decision to deny partially her DIB application [Dkt. No. 1].

**STANDARD OF REVIEW**

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The

responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION

Plaintiff raises two objections to the Magistrate Judge's Report.[1] The crux of both objections is that the Report incorrectly found that the ALJ properly considered different pieces of evidence proffered by Plaintiff. Namely, the ALJ improperly considered the following: 1) an order of the South Carolina Workers' Compensation Commission ("SCWCC") approving the settlement of Plaintiff's worker's compensation claim with a payment of $70,000; and 2) the opinions of Doctors Seastrunk and Stewart who performed evaluations of Plaintiff in connection with her worker's compensation claim.

**SCWCC Settlement Order**

Plaintiff objects that the Report erroneously affirms the weight and consideration the ALJ gave to the SCWCC's settlement order and that the settlement order demonstrated that she was in fact permanently disabled. Generally, the Commissioner must give substantial weight to disability determinations of other governmental agencies when making a similar determination. *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343–44 (4th Cir. 2012); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968) (citing *Hayes v. Celebrezze*, 311 F.2d 648, 654 (5th Cir. 1963)). Here, the SCWCC approved a settlement of $70,000 "represent[ing] one hundred percent (100%) permanent partial disability to [Plaintiff's] left lower extremity" among other claims [R. at 220]. The ALJ's consideration of the settlement order, as explained in the Report, is contained in two statements [*see* Dkt. No. 30 at 24]. First, the ALJ stated that he carefully considered all of the evidence in the record; second, he noted the settlement of the worker's compensation claim, including the award amount [*id.*]. The Report found that these statements

---

[1] Plaintiff's initial brief listed the opinion of each doctor as separate issues [Dkt. No. 20 at 1], and the Magistrate Judge's Report analyzed them separately [Dkt. No. 30 at 26–30]. However, Plaintiff, in her Objections, combines these opinions into one objection [Dkt. No. 32 at 2–3]. For convenience, this Opinion and Order will analyze the opinions together.

4

sufficiently indicated that the ALJ duly considered the settlement order.  The Report emphasized that the determinations of other agencies are not binding on the Commissioner, *DeLoatche v. Heckler*, 715 F.2d 148, 150 n.1; that the ALJ was not required to provide a written evaluation of every piece of evidence, *Jackson v. Astrue*, No. 8:08-2855-JFA-BHH, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) (citing *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)); and that the ALJ's failure to cite specific evidence is not an indication that the evidence was not considered, *id.*

Plaintiff argues the ALJ's statements were insufficient because they do not indicate that he actually considered the SCWCC settlement order.  Plaintiff contends that the settlement order's reference to a 100 percent permanent partial disability of her left leg constituted an "explicit finding" of the SCWCC [Dkt. No. 32 at 2].  According to Plaintiff, by failing to address this specific finding, the ALJ did not properly consider the substantial weight that the SCWCC settlement order should have received, and the Report should have found so [*id.*].

The Commissioner contends that Plaintiff waived this argument.  Plaintiff's original argument in her Brief ("Opening Brief") [Dkt. No. 20] concerning the SCWCC settlement order was that the ALJ's failure to mention the specific award amount[2] and the medical opinions on which the settlement was based indicated the ALJ had failed to weigh and consider the settlement order.  Only later did Plaintiff argue that the ALJ's failure to weigh and consider the settlement was indicated by his failure to mention the SCWCC's "explicit finding" of permanent partial disability.  This argument was first raised in Plaintiff's Response Brief [Dkt. No. 26 at 1–2].  The Commissioner contends that Plaintiff's second argument is a "new argument," and, because Plaintiff did not raise it in her Opening Brief, she may not now raise it in this court's

---

[2] Plaintiff's claim that the ALJ did not mention the amount of the settlement award [Dkt. No. 20 at 6] is factually false [R. at 22] and was apparently abandoned [*see* Dkt. No. 26 at 1–2].

5

review of the Magistrate Judge's Report. For support, the Commissioner cites *Marshall v. Chater* for the proposition that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." 75 F.3d 1421, 1426 (10th Cir. 1996). The Commissioner also cites *Hunt v. Nuth*, which states that "appellate courts generally will not address new arguments raised in a reply brief because it would be unfair to the appellee and would risk an improvident or ill-advised opinion on the legal issues raised." 57 F.3d 1327, 1338 (4th Cir. 1995).

There are three problems with the Commissioner's view. First, Plaintiff initially raised the argument not in her Objections but in her Response Brief, which she filed prior to the Magistrate Judge's recommendations. Consequently, *Marshall*'s waiver rule does not apply. Second, it is not clear whether *Hunt*'s waiver rule applies where the "appellate" court at issue is a district court reviewing a magistrate judge's report and where the reply brief at issue is one that was before the court below, such that defendants have had ample opportunity to respond to the argument.[3] Third, it is not clear whether Plaintiff's "new argument" constitutes a type of pleading that could trigger the waiver rules above. "[A]s part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). In other words, parties may not raise new claims in their objections to a magistrate judge's report, but the district court must consider new arguments respecting any existing claims. *See Foster v. BNP Residential Props. Ltd. P'ship*, No.

---

[3] The Court of Appeals for the Fourth Circuit, in its cases applying the waiver rule described in *Hunt*, characterizes the rule as part of its "prudential doctrines," indicates that the argument at issue was not in the party's opening brief for the appellate court, and emphasizes the inability of the opposing party to respond to the argument and the court below to consider it. *See United States v. Cone*, Nos. 11-4888, 11-4934, 2013 WL 1502007, at *17 (4th Cir. April 15, 2013); *United States v. Wright*, 374 Fed. App'x 386, 391 (4th Cir. 2010); *United States v. Ancrum*, 161 Fed. App'x 258, 259–60 (4th Cir. 2006).

6

2:06-cv-2440-PMD-RSC, 2008 WL 512788, at *5–6 (D.S.C. Feb. 25, 2008). The question, of course, would be whether to characterize Plaintiff's claim—that the ALJ's failure to cite the "explicit finding" of the SCWCC settlement order constituted a failure to consider the order—as a new claim or as a new argument respecting an existing claim.

The court need not resolve these problems. Even assuming that Plaintiff has not waived her argument for the reasons above, two additional points weigh against Plaintiff. First, the argument does not merit *de novo* review by this court for another reason. Objections to a report and recommendation must specifically identify portions of the report and the bases for those objections. FED. R. CIV. P. 72(b). "Parties are deemed to have waived an objection to a magistrate judge's report if they do not present their claims to the district court." *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008). Furthermore, "a general objection to a magistrate judge's findings is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.'" *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (alterations in original)). General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. *See Jackson v. Astrue*, No. 1:09-cv-467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Such objections, stating no more than a general disagreement with the magistrate judge's findings, do not alert the court to errors and are thus not accurately labeled as "objections." *See Jackson*, 2011 WL 1883026; *Aldrich*, 327 F. Supp. 2d at 747. Examining anew arguments already assessed in the report of a magistrate judge would waste judicial resources; parties must explain *why* the magistrate judge's report is erroneous, rather

7

than simply rehashing their prior filings and stating the report's assessment was wrong. *See Albourque v. Bradshaw*, No 1:11-cv-1506, 2013 WL 775080, at *5 (N.D. Ohio Feb. 28, 2013).

If a party fails to properly object because the objections lack the requisite specificity, *de novo* review by the court is not required. *See Brooks v. James*, No. 2:10-2010-MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

Here, Plaintiff's objection restates, almost verbatim, the argument made to the Magistrate Judge in Plaintiff's Response Brief [*compare* Dkt. No. 26 at 1–2 *with* Dkt. No. 32 at 1–2]. Plaintiff does not explain why the Report's conclusion—that the ALJ had properly considered the SCWCC settlement order—was incorrect beyond merely restating the same position it maintained before the Magistrate Judge. Having done no more than restate an argument already made, Plaintiff's first objection does not merit *de novo* review. Instead, the Report's conclusion will be accepted absent clear error on its face. The court finds no clear error; therefore, it accepts the Report's conclusion that the ALJ properly considered the SCWCC settlement order.

Second, even if it did conduct a *de novo* review, the court would reach the same conclusion as did the Magistrate Judge in her Report. Decisions of other governmental agencies deserve consideration, but they are not binding on the Commissioner. An ALJ need only "'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions.'" *Jackson*, 2010 WL 500449, at *10 (citations omitted). Here, the ALJ satisfied this requirement by stating that he carefully considered all of the evidence and noting the

8

settlement order from the SCWCC. The ALJ's decision and the consideration he gave to the settlement order are supported by substantial evidence.

**Opinions of Doctors Seastrunk and Stewart**

Plaintiff also objects that the Report incorrectly upheld the consideration the ALJ gave to the opinions of Doctors Seastrunk and Stewart. At the request of Plaintiff's counsel, both doctors examined Plaintiff in connection with her SCWCC worker's compensation claim, and they respectively opined that Plaintiff was "totally disabled" and "unable to work" [Dkt. No. 30 at 12–13, 27–28]. The ALJ rejected these opinions and assigned them no weight [*id.* at 27– 29; R. at 25–26]. In his analysis, the ALJ found that the doctors' opinions relied almost exclusively on Plaintiff's subjective complaints, used minimal objective findings for corroboration, and diagnosed Plaintiff with medical problems that were not discovered in previous examinations or supported by objective diagnostic studies [R. at 25–26]. The ALJ also noted that these examinations were in connection with Plaintiff's worker's compensation claim and that Plaintiff's attorney had scheduled and paid for at least one of the examinations [*id.* at 18, 25–26]. The Magistrate Judge's Report found that the ALJ's decision to accord no weight to these opinions was supported by substantial evidence. The ALJ, not the reviewing court, has the duty to resolve contradictory opinions and facts in the record. *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (1990). The ALJ evaluated not only the opinions of Doctors Seastrunk and Stewart, but also the opinions of other physicians and evidence from Plaintiff's own testimony, which tended to contradict the opinions of Doctors Seastrunk and Stewart [R. 21–26]. Thus, the Report concluded that the ALJ had properly considered the contested opinions [Dkt. No. 30 at 27–30].

Plaintiff correctly points out that a medical opinion may not be discounted merely because of the purpose for which it was obtained or because counsel requested it. *See Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998); *Blankenship v. Bowen*, 874 F.2d 1116, 1122 n.8 (6th Cir. 1989); *Bolling v. Bowen*, 682 F. Supp. 864, 865 (W.D. Va. 1988). Plaintiff contends that the ALJ's mentioning that Doctors Seastrunk's and Stewart's opinions were obtained in connection with the SCWCC claim and by her lawyers indicates an impermissible bias on his part [Dkt. No. 32 at 3]. In sum, Plaintiff argues the Report erred by allowing the ALJ to give these opinions zero weight simply because they were obtained by counsel.

The court need not review this objection *de novo* because, like Plaintiff's first objection, it has already been presented to the Magistrate Judge. Plaintiff, in her Opening Brief, attacked the ALJ's use of evidence that counsel had scheduled and paid for her evaluations by Doctors Seastrunk and Stewart under a "double standard" theory [Dkt. No. 20 at 9, 11]. Essentially, Plaintiff argued that if Doctor Seastrunk's opinion was not credible because counsel had obtained his services, then neither could the opinions of physicians obtained for this case by the Commissioner be credible [*id.* at 9]; and if Doctor Stewart's opinion was not credible because it was obtained by counsel, then it was also not credible when the Commissioner obtained his services in other disability hearings [*id.* at 11]. The Report implicitly rejected these arguments finding that other substantial evidence from the record—including the opinions of other physicians and Plaintiff's testimony—and not the fact that counsel had paid for the examinations, supported the ALJ's credibility determinations. In her Objections, Plaintiff merely reformulates her prior arguments by asserting flatly as a matter of law that the ALJ could not legitimately discredit medical opinions merely because her lawyers had obtained them. Because this objection does no more than restate an argument previously made before the Magistrate Judge, it

10

does not warrant *de novo* review by the court.  *See Jackson*, 2011 WL 1883026, at *1; *Aldrich*, 327 F. Supp. 2d at 747.

Parties must explain why a magistrate judge's report is in error, rather than merely presenting the district court the same argument and asking for a redetermination of the report's conclusions.  *See Albourque*, 2013 WL 775080, at *5.  To permit otherwise would defeat the purpose of magistrate judges issuing reports and recommendations, as the district court inevitably would be required to consider every argument anew.  *See Midgette*, 478 F.3d at 622.  Accordingly, the court does not review the argument *de novo*, but instead must only satisfy itself that there is no clear error on the face of the Report with respect to the ALJ's according no weight to the opinions of Doctors Seastrunk and Stewart. *See Diamond*, 416 F.3d at 316.  The court does not find clear error and, therefore, accepts the Report's conclusions.

Moreover, even if the court reviewed the issue *de novo*, it would reach the same result as the Magistrate Judge did in her Report.  Where medical opinions diverge, leaving the record open to more than one reasonable interpretation, it is the responsibility of the ALJ, not the court, to resolve them.  *Hays*, 907 F.2d at 1456.  The ALJ found that the opinions of Doctors Seastrunk and Stewart lacked probity because they were based almost exclusively on Plaintiff's subjective complaints and little objective evidence.  His decision to accord no weight to these opinions and to instead rely on other evidence—Plaintiff's testimony and the opinions of other physicians— was supported by substantial evidence.

**Un-objected Portion**

The court must make a *de novo* determination of those portions of a report to which specific objections are made.  *See* 28 U.S.C. § 636(b)(1).  Portions of a report to which no party objects do not require *de novo* review by the court.  *See Brooks*, 2011 WL 4543994, at *2;

11

*Veney*, 539 F. Supp. 2d at 846. Absent objection, the court reviews the content of a report only for clear error. *See Diamond*, 416 F.3d at 316. The court does not find clear error in the un-objected portions of the Report; consequently, the court accepts the Report.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report. [Dkt. No. 30]. The Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED.**

United States District Court Judge

June 3, 2013
Greenville, South Carolina

12